NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JESUS MUNOZ,<br><br>       Petitioner - Appellant,<br><br>  v.<br><br>A. M. GONZALES, Acting Warden;<br>JEFFREY BEARD,<br><br>       Respondents - Appellees. | No. 12-56440<br><br>D.C. No. 3:12-cv-00300-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barbara Lynn Major, Magistrate Judge, Presiding

Submitted March 2, 2015[**]
Pasadena California

Before: PREGERSON, FERNANDEZ, and NGUYEN, Circuit Judges.

Jesus Munoz appeals the district court's denial of his 28 U.S.C. § 2254

petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California Court of Appeal's denial of Munoz's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent, we affirm. 28 U.S.C. §§ 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86 (2011).

1. The California Court of Appeal's September 6, 2011 decision adjudicated the merits of Munoz's federal due process claim. While the Court of Appeal's decision does not expressly reference Munoz's federal due process claim, the "conjoined nature of [Munoz's] state and federal claims, the similar legal analysis underpinning their resolution, and the Court of Appeal's obligation to dutifully comply both with state law and the federal Constitution," supports the presumption that the claim was adjudicated on the merits. *Bell v. Uribe*, 748 F.3d 857, 864 (9th Cir. 2014). Therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *See* 28 U.S.C. § 2254(d).

2. Munoz argues that the trial court's admission of his prior auto theft violated his due process rights. Even if the evidence was improperly admitted to show that Munoz committed the crime for which he was on trial, this claim would not be grounds for relief. Under the strict standards of AEDPA, the Court of Appeal's denial of Munoz's claim was not an unreasonable application of clearly established Supreme Court precedent. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5

2

(1991) (reserving the question of whether admission of prior crimes evidence to show propensity would violate the Due Process Clause); *see also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (explaining the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ [of habeas corpus]").

**AFFIRMED**.